UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEVON WALKER                                    Case No. 14-13679

       Plaintiff,                        Patrick J. Duggan
v.                                              United States District Judge

COMMISSIONER OF SOCIAL SECURITY,                Michael Hluchaniuk
                                                United States Magistrate Judge
       Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 10, 12)**

**I.     PROCEDURAL HISTORY**

    A.     Proceedings in this Court

On September 23, 2014, plaintiff filed the instant suit seeking judicial

review of the Commissioner's partially favorable decision that plaintiff was not

disabled and thus not entitled to disability insurance benefits from his alleged

onset date of March 31, 2011 to the ALJ-established onset date of June 26, 2012.

(Dkt. 1).  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District

Judge Patrick J. Duggan referred this matter to the undersigned for the purpose of

reviewing the Commissioner's decision denying plaintiff's claim for benefits.

(Dkt. 3).  This matter is before the Court on cross-motions for summary judgment.

(Dkt. 10, 12).

      B.    <u>Administrative Proceedings</u>

Plaintiff filed the instant claims for a period of disability, disability insurance and benefits on April 4 , 2011, alleging disability beginning March 31, 2011.  (Dkt. 1, Pg ID 2).  Plaintiff's claims were initially disapproved by the Commissioner on July 2, 2011.  *Id.*  Plaintiff requested a hearing and on March 16, 2012 plaintiff appeared, along with his attorney, before Administrative Law Judge ("ALJ") Oksana Xenos, who considered the case de novo.  (Dkt. 7-2, Pg ID 66-87).  In a decision dated April 6, 2012, the ALJ found that plaintiff was not disabled. (Dkt. 7-3, Pg ID 124-131).  Plaintiff requested a review of this decision on May 4, 2012.  (Dkt. 7-4, Pg ID 190).  The Appeals Council vacated the decision and remanded the case to the ALJ on July 30, 2013.  (Dkt. 7-3, Pg ID 136-138).  The Appeals Council instructed the ALJ, on remand, to:

•     Further consider the claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific references in the record in support of alleged limitations (20 CFR 404.1545 and Social Security Rulings 85-16 and 96-8p). If available, the additional evidence should include a consultative orthopedic examination and medical source statements about what the claimant can still do despite his impairments;

•     Further consider the claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific

references in the record in support of alleged limitations (20 CFR 404.1545 and Social Security Rulings 96-8p).

•    Obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base (Social Security Ruling 83-14). The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy (20 C.F.R. §§404.1566 and 416.966). Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).

(*Id*.)

Plaintiff again appeared and testified before the ALJ at a hearing held on January 22, 2014. (Dkt. 7-2, Pg ID 88-109). In a decision dated March 3, 2014, the ALJ found that Plaintiff was not under a disability within the meaning of the Social Security Act prior to June 26, 2012, but became disabled on that date and continued to be disabled through the date of the decision. (Dkt. 7-2, Pg ID 60). Plaintiff again requested Appeals Council review of this decision. (Dkt. 7-2, Pg ID 45).

The ALJ's decision became the final decision of the Commissioner, *see Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004), on August 2, 2014, when the Appeals Council denied Plaintiff's request for review. (Dkt. 7-2,

Pg ID 34-36).

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion for summary judgment be **DENIED**, that plaintiff's motion for summary judgment be **GRANTED**, and that this matter be **REMANDED** for further proceedings.

## II.   FACTUAL BACKGROUND

### A.   Appeals Council Remand Order

The Appeals Council granted plaintiff's request for review of the ALJ's April 6, 2012 decision. (Dkt. 7-3, Pg ID 136). The Appeals Council vacated the hearing decision and remanded this case for further proceedings. The decision indicated the plaintiff had the severe impairment of "reduced vision"and the residual functional capacity for work at all exertional levels, not involving working with small objects, such as screws and coins, precision work, fineprint, or commercial driving, work around hazards, at heights, or moving machinery. The plaintiff was found not disabled at step 5 of the sequential evaluation, specifically that he could perform light jobs as an information clerk/greeter and hand packager and medium jobs as a cleaner (DOT 381-687-018) and packager (DOT 920.587-018).

The Appeals Council observed that if limited to light jobs, the Medical

4

Vocational Rules in Appendix 2 of 20 CFR Part 404, Subpart P, would direct a finding of disabled, considering the plaintiff was closely approaching retirement age on the alleged disability onset date, has a high school education, and unskilled past relevant work as a vending machine attendant. As described in the Dictionary of Occupational Titles, however, both of the light jobs require frequent near acuity and both of the medium jobs involve occasional near acuity ("clarity of vision at 20 inches or less"). The Appeals Council noted that plaintiff alleged that he has difficulty reading newspapers, mail, and bills, writing checks, and seeing his computer screens. Plaintiff received vision rehabilitation training on May 19, 2011 and was given a 4X handheld magnifier, +3.00 upper clip-on, and amber clip-ons to enable him to do spot reading, use a computer, and improve performing daily living tasks. Plaintiff testified that he used a hand-held magnifying glass to read the newspaper. The residual functional capacity did not include the need for a hand-held magnifier for reading, but precludes work involving fine print or small objects. The Appeals Council determined it was unclear if the claimant can perform the visual acuity required by the jobs cited in the decision (occasional need for clarity of vision at 20 inches or less) if the claimant needs to use a hand-held magnifying glass to achieve this level of visual acuity. Thus, according to the Appeals Council, further consideration at step 5 of the sequential evaluation

was warranted. The Appeals Council instructed the ALJ, on remand, to:

•     Further consider the claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific references in the record in support of alleged limitations (20 CFR 404.1545 and Social Security Rulings 85-16 and 96-8p). If available, the additional evidence should include a consultative orthopedic examination and medical source statements about what the claimant can still do despite his impairments;

•     Further consider the claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific references in the record in support of alleged limitations (20 CFR 404.1545 and Social Security Rulings 96-8p).

•     Obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base (Social Security Ruling 83-14). The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy (20 C.F.R. §§404.1566 and 416.966). Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).

(*Id*.)

    B.    <u>ALJ Findings on Remand</u>

Plaintiff was born in 1947 and was 66 years old at the time of the administrative hearing, 65 years old on the established onset date of disability and 63 years old on the alleged onset date of disability. (Dkt.7-2, Pg ID 54). The ALJ

6

applied the five-step disability analysis to plaintiff's claim and found at step one

that plaintiff had not engaged in substantial gainful activity since the alleged onset

date. *Id*. At step two, the ALJ found that plaintiff's reduced vision was a "severe

impairment" within the meaning of the second sequential step since the alleged

on-set date of March 31, 2011 and that his reduced vision, degenerative disc

disease, lumbar spondylosis, and kidney disease were serious impairments as of

the established onset date of disability, June 26, 2012. *Id*. Plaintiff's hypertension

and diabetes were considered nonsevere impairments. *Id*. At step three, the ALJ

found no evidence that plaintiff's combination of impairments met or equaled one

of the listings in the regulations.  (Dkt. 7-2, Pg ID 54-55)   The ALJ determined

that plaintiff had the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, the
> undersigned finds that prior to June 26, 2012, the date
> the claimant became disabled, the claimant had the
> residual functional capacity to perform a full range of
> work at all exertional levels but with the following
> nonexertional limitations: the claimant could never climb
> ladders, ropes or scaffolds; can only frequently climb
> ramps and stairs; claimant was required to avoid hazards
> such as moving machinery and unprotected heights;
> claimant could work with large objects, but not small
> objects, such as screws or coins; claimant could not
> perform commercial driving or monitor a computer
> screen; claimant could perform work requiring only
> occasional near acuity.

(Dkt. 7-2, Pg ID 55).  At step four, the ALJ concluded that plaintiff could not

perform his past relevant work as a vending machine operator.  (Dkt. 7-2, Pg ID

59).  At step five, the ALJ denied plaintiff benefits prior to June 26, 2012,

because before that date, plaintiff could perform a significant number of jobs

available in the national economy.  (Dkt. 7-2, Pg ID 59-60).

     C.    <u>Plaintiff's Claims of Error</u>

     According to plaintiff, the ALJ committed reversible error by failing to

comply with the Appeals Council's remand order, by relying on Vocational Expert

testimony that conflicts with the Medical-Vocational Guidelines and by failing to

seek input from a Medical Advisor to determine the onset date of plaintiff's

impairments. (Dkt. 10, Pg ID 501).

     Plaintiff argues that, despite the Appeals Council's clear directive to include

the plaintiff's use of a hand-held magnifying device in the RFC, the ALJ erred by

failing to include it in the RFC, and in the hypotheticals presented to the VE. (Dkt.

10, Pg ID 511). Although plaintiff's counsel asked the VE to consider the use of

the hand-held magnifying device prescribed to plaintiff, the VE testified that he

did not know whether that would prevent plaintiff from performing the identified

jobs. *Id.*  Plaintiff contends this error requires remand.

     Plaintiff also argues that the ALJ erred by finding plaintiff capable of

performing medium work given his spine disorders and the VE's testimony that his past work was light and unskilled, with no transferrable skills. (Dkt. 10, Pg ID 513). Plaintiff argues that this conclusion, along with ignoring plaintiff's need for a magnifying device results in findings not supported by substantial evidence. *Id.*

Finally, plaintiff argues that the ALJ erred by not utilizing the services of a medical advisor to infer an onset date prior to plaintiff's diagnosis with severe spondylosis. (Dkt. 10, Pg ID 515). Plaintiff argues that a condition so extensive and beyond surgical intervention could not have arisen contemporaneously with his diagnosis in June 2012. *Id.* Accordingly, plaintiff urges a remand to allow for medical advisor input. *Id.*

### D.    The Commissioner's Motion for Summary Judgment

In addressing plaintiff's arguments that the ALJ did not comply with the Appeals Council's remand order, the Commissioner argues that the Appeals Council did not direct the ALJ to include the use of a hand-held magnifying device in the RFC, but rather it instructed the ALJ to assess if plaintiff could perform the jobs identified by the VE *if* plaintiff needed to use the assistive device. (Dkt. 12, Pg ID 528-529). The Commissioner contends the ALJ did just that on remand. (Dkt. 12, Pg ID 529). The Commissioner further argues that substantial evidence supports the ALJ's finding that plaintiff was capable of occasional near

9

vision acuity despite his complaints about difficulty reading the newspaper, mail and bills, writing checks and using a computer, because he was able to perform self-care, prepare meals, wash dishes, sweep and mop the floor, take out the trash, go outside everyday, walk and ride in a car, pay bills, count change, manage his finances, be active at home with his children and grandchildren and reported no safety concerns. (Dkt. 12, Pg ID 530).

The Commissioner further argues that substantial evidence supported the ALJ's determination that plaintiff's back condition was not disabling prior to June 26, 2012. (Dkt. 12, Pg ID 531). The Commissioner contends the ALJ's finding was supported by substantial evidence because plaintiff did not seek treatment before June 26, 2012, his back pain prior to that was relieved with over-the-counter medication, and he was able to engage in a range of activities including playing with his grandchildren and performing household chores. *Id* citing *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 283-284 (6th Cir. 2009)(lack of treatment implies an alleviation or absence of symptoms); *Mullen v. Bowen*, 800 F.2d 535, 547-548 (6th Cir. 1986)(pain which is responsive to medication is not disabling); *Blacha v. Sec'y of Health & Human Servs.*, 972 F.2d 228, 231 (6th Cir. 1990)(an ALJ may consider household and social activities in evaluating a claimant's subjective complaints).

10

Finally, the Commissioner argues that the ALJ did not err by not enlisting the services of a medical advisor in determining the disability onset date. (Dkt. 12, Pg ID 532). The Commissioner contends that the ALJ was acting within her discretion in deciding the case without a medical advisor because the medical evidence did not support a disabling level of impairment during the period at isuue. (Dkt. 12, Pg ID 532-533) citing *Clendening v. Comm'r of Soc. Sec.*, 482 Fed. App'x 93, 95-96 (6th Cir. 2012) and *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 836-837 (6th Cir. 2006). According to the Commissioner, the medical evidence was developed and carefully reviewed by the ALJ, and thus a medical advisor's services were not necessary. (Dkt. 12, Pg ID 533).

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is

11

not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the

12

claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027,

13

1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

B.   Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994);

14

*accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003).

There are several benefits programs under the Act, including the Disability

Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq*.) and the

Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et*

*seq*.).  Title II benefits are available to qualifying wage earners who become

disabled prior to the expiration of their insured status; Title XVI benefits are

available to poverty stricken adults and children who become disabled.  F. Bloch,

Federal Disability Law and Practice § 1.1 (1984).  While the two programs have

different eligibility requirements, "DIB and SSI are available only for those who

have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

"Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a)

(SSI).

　　　The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in

15

substantial gainful activity, benefits are denied without
further analysis.

Step Two:  If the claimant does not have a severe
impairment or combination of impairments, that
"significantly limits ... physical or mental ability to do
basic work activities," benefits are denied without
further analysis.

Step Three:  If plaintiff is not performing substantial
gainful activity, has a severe impairment that is expected
to last for at least twelve months, and the severe
impairment meets or equals one of the impairments listed
in the regulations, the claimant is conclusively presumed
to be disabled regardless of age, education or work
experience.

Step Four:  If the claimant is able to perform his or her
past relevant work, benefits are denied without further
analysis.

Step Five: Even if the claimant is unable to perform his
or her past relevant work, if other work exists in the
national economy that plaintiff can perform, in view of
his or her age, education, and work experience, benefits
are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing,

20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner

makes a dispositive finding at any point in the five-step process, the review

terminates."  *Colvin*, 475 F.3d at 730.

    "Through step four, the claimant bears the burden of proving the existence

16

and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

C.     Analysis and Conclusions

Plaintiff argues that the Appeals Council directed the ALJ to include plaintiff's use of a hand-held magnifying device in the RFC, whereas the Commissioner contends the order was merely to assess whether the VE-identified jobs could be performed *if* a hand-held magnifying device was necessary. The

17

2:14-cv-13679-PJD-MJH   Doc # 13   Filed 08/19/15   Pg 18 of 21   Pg ID 554

undersigned finds that either interpretation of the Appeals Council's order requires

remand.  The ALJ clearly did not include plaintiff's use of the prescribed hand-

held magnifying device in the revised RFC. (Dkt. 7-2, Pg ID 55)  She also did not

assess whether plaintiff could perform the identified jobs with the use of the hand-

held magnifying device[1] or whether plaintiff's use of the device was necessary.

> The RFC assessment must include a discussion of why reported
> symptom-related functional limitations and restrictions can or cannot
> reasonably be accepted as consistent with the medical and other
> evidence. [Moreover,] the RFC assessment must always consider and
> address medical source opinions. If the RFC assessment conflicts
> with an opinion from a medical source, the adjudicator must explain
> why the opinion was not adopted. Medical opinions from treating
> sources about the nature and severity of an individual's impairment(s)
> are entitled to special significance and may be entitled to controlling
> weight. If a treating source's medical opinion on an issue of the nature
> and severity of an individual's impairment(s) is well-supported by
> medically acceptable clinical and laboratory diagnostic techniques
> and is not inconsistent with the other substantial evidence in the case
> record, the adjudicator must give it controlling weight.

SSR 96-8p (internal citations omitted).  Accordingly, the ALJ's failure to discuss

why a hand-held magnifying device was not necessary for near vision acuity

constitutes reversible error.  The device, along with other visual-assistive devices,

was prescribed by plaintiff's treating ophthalmologist to address plaintiff's

---

[1]The ALJ did not present the VE with a hypothetical including the use of a hand-held magnifying device.  Plaintiff's counsel directed such a question to the VE, but did not receive an answer.  (Dkt. 7-2, Pg ID 107-108).

medically-supported near-vision impairment. (Dkt. 7-7, Pg ID 380-385). As noted by one of plaintiff's treating ophthalmologists, the use of the assistive devices increased his Functional Independence Measure (FIM), a 1-6 scale used to rate the level of independence in performing daily living tasks, from a 1.5 to a 5.5 in spot reading and from a 1.5 to a 4.5 in computer use.  (Dkt. 7-7, Pg ID 380).  The ALJ cites nothing in the medical record of evidence that is inconsistent with plaintiff's need for the hand-held magnifying device for near vision acuity.  (Dkt. 7-2, Pg ID 51-61). In light of the treating physicians' opinion regarding the magnifying device's demonstrable impact on plaintiff's ability to perform daily living tasks, the ALJ's failure to explain why the RFC does not include plaintiff's use of a magnifying device violates the dictates of both SSR 96-8p and the Appeals Council's remand order and thus requires remand.[2] Because this matter is being remanded for further proceedings, and in the interests of judicial economy, the undersigned will not consider Plaintiff's remaining assignments of error.

---

[2]Had the VE provided an answer to plaintiff's counsel's direct question about the hand-held magnifying device's impact on plaintiff's ability to perform the identified jobs, remand may well have been unnecessary. *See Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994) ("If a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits...if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits."); *see also, Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985) (A court may directly award benefits, rather than remanding for proper consideration by the ALJ, where the record is complete and the Commissioner's decision is clearly erroneous, proof of disability is strong and evidence to the contrary is lacking, or the claimant has presented overwhelming evidence of disability.).

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that defendant's motion for summary judgment be **DENIED**, that the findings of the Commissioner be **REVERSED**, and that this matter be **REMANDED** for further proceedings.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an

20

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: August 19, 2015                          s/Michael Hluchaniuk
                                               Michael Hluchaniuk
                                               United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on August 19, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

                                               s/Tammy Hallwood
                                               Case Manager
                                               (810) 341-7887
                                               tammy_hallwood@mied.uscourts.gov

21